IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AUSTIN FIRE PROTECTION LLC <br><br> Defendant. | Civil No. **22-2170 PJM** |

## MEMORANDUM OPINION

On August 26, 2022, Plaintiffs (the "NASI Funds"), a series of employee benefit plans, filed this ERISA action against Defendant Austin Fire Protection LLC, a corporation domiciled in Texas. ECF No. 1. In their Complaint, the NASI Funds allege that Austin Fire Protection failed to pay retirement plan contributions on behalf of certain employees, in violation of a collective bargaining agreement between it and the labor union representing those employees. The NASI funds seek compensatory and liquidated damages, attorneys' fees, and a court order requiring Austin Fire Protection to permit an audit of its wage and payroll records. After Austin Fire Protection failed to timely respond to the Complaint, the NASI Funds moved for Clerk's Entry of Default (ECF No. 6), which the Court granted.

After the Clerk entered the default and sent a notice to Austin Fire Protection (ECF Nos. 10, 11), the Court received correspondence from a Vice President of Austin Fire Protection asserting that the company was unaware of the lawsuit and that it had never received notice of the Complaint from its registered agent. ECF No. 12. On January 12, 2023, Austin Fire Protection

1

filed the instant Motion to Vacate the Order of Default. ECF No. 14. For the reasons that follow, the Motion will be **GRANTED**.

A court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Because there is a strong preference that cases be decided on their merits, motions to vacate default judgment must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "In determining whether to set aside an entry of default, the Court considers if the movant has a meritorious defense, acted with reasonable promptness, and bears personal responsibility for the entry of default." *Kihn v. Vavala*, No. 18-cv-02619-PX, 2019 WL 2492350, at *2 (D. Md. June 14, 2019) (citing *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006)).

Austin Fire Protection's Motion demonstrates "good cause" for setting aside the Clerk's entry of default. Fed. R. Civ. P. 55(c). Specifically, it proffers that the agent who was apparently authorized to accept service on its behalf never sent it a notice of the Complaint. As a result, Austin Fire Protection apparently only became aware of the lawsuit when it received the notice of default on December 21, 2022. ECF Nos. 12, 14. Moreover, it reacted promptly by writing to the Court (ECF No. 12), by retaining counsel, and by filing the instant Motion to Vacate Default. And although the Court has yet to consider the merits of the case, it notes that Austin Fire Protection raises a number of facts in its correspondence (ECF No. 12) and Motion (ECF No. 14) that, if true, would substantially narrow or even end this litigation. Finally, Plaintiff has not filed an opposition to this Motion. Therefore, in consideration of all these circumstances, the Court finds "good cause" exists to vacate the default against Austin Fire Protection.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that:

1. Defendant August Fire Protection's Motion to Vacate the Order of Default (ECF No. 14) is **GRANTED**.

2. Within fourteen (14) days from the date of the corresponding Order, Austin Fire Protection **SHALL FILE** a response to the Complaint.

3. Plaintiffs' Motion for Default Judgment (ECF No. 7) is **DENIED AS MOOT**.

A separate Order will **ISSUE**.

February 21, 2023

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

3